# United States District Court
## for the District of Kansas

---

**United States of America,**
        Plantiff**,**

v.                                                          Case No. 6:20-cr-10049-001

**Gina Hutson**,
        Defendant.

---

## Memorandum and Order

---

This matter is before the Court on the Defendant's Motion for Compassionate Release [Doc. 31] filed on July 18, 2022, and Defendant's Unopposed Motion to Reduce Sentence [Doc. 35] filed on August 4, 2022. Defendant initially sought release to care for her dying son. After his recent death, Defendant maintains her request so that she can bury him. The government does not oppose Defendant's motions. For the reasons stated in more detail below, the Court grants Defendant's motions.

### I.  Factual and Procedural Background

Defendant, Gina Hutson, pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344(2) and 18 U.S.C. § 2, on August 10, 2021. This court sentenced her to 30 months' imprisonment followed by two years of supervised release.

This case was Ms. Hutson's first criminal offense. Between her initial appearance in September 2020 and her October 2021 sentencing, the Defendant was on pretrial release without supervision. Her presentence investigation report indicates that she complied with all conditions of release. Doc. 27 at 4. At sentencing, the court allowed the Defendant to voluntarily surrender to the Bureau of Prisons (BOP).

On July 18, 2022, Defendant filed a pro se motion for compassionate release citing her son's recent terminal diagnosis as a basis. Cy Hutson, Defendant's son, learned last month that his brain cancer had spread to his spine. Doctors estimated that he would live approximately three months without chemotherapy. Cy Hutson passed away on August 4, 2022. Through counsel, Ms. Hutson filed an Emergency Unopposed Motion for Compassionate Release the same day.

## II. Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file her own motion for release.[1] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights

---

[1] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[2] The administrative exhaustion requirement is jurisdictional and cannot be waived.[3]

Next, the Tenth Circuit has held that under § 3582(c)(1)(A), a court may grant a motion for a sentence reduction "if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable" to "determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."[4]

---

[2] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[3] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[4] *Maumau*, 993 F.3d at 831 (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)); see also McGee, 992 F.3d at 1042.

3

### III. Analysis

### A. Exhaustion

Defendant has satisfied the exhaustion requirement of § 3582(c)(1)(A).  As soon as she learned of her son's terminal diagnosis, she submitted a request for compassionate release to the warden of Federal Medical Center (FMC) Carswell. The request was dated July 6, 2022. The warden denied the request on July 13, 2022. Because 30 days have passed since Defendant made her initial request to the warden, this court has jurisdiction to rule on this motion.

### B. Extraordinary and Compelling Reasons

The "extraordinary and compelling" circumstances of Defendant's situation is the sudden death of her son. When this court sentenced Defendant, her 32-year-old son had been battling cancer for over a year and was preparing for a second surgery to remove a brain tumor. Doc. 27 at 13. Since that time his condition worsened and recently resulted in his death. The court finds the Defendant's need to bury her son presents an extraordinary and compelling reason.  The government agrees and does not object to Ms. Hutson's request.

### C. Section §3553(a) factors

The § 3553(a) factors are satisfied by a reduction in this case. With a projected release date of January 2, 2024, the Defendant has 17 months remaining of a 30-month sentence. Furthermore, the Defendant would not be a danger to the community. Prior to this conviction Ms. Hutson had no criminal history. She was released on bond and complied with conditions of release for over a year. She surrendered to BOP voluntarily after sentencing. During her time in custody, Defendant has not had any disciplinary problems.

In light of Ms. Hutson's family circumstances and the applicable factors under § 3553(a), the Court finds that the release of Defendant to be appropriate. Thus, the Court finds that a sentence of time served is sufficient, but not greater than necessary, to reflect the seriousness of his offense, afford adequate deterrence, and protect the public. Accordingly, the Court reduces Defendant's sentence to time served.

**IT IS THEREFORE ORDERED** that the Defendant's Unopposed Motion to Reduce Sentence under the First Step Act of 2018 [Docs. 31 and 35] is **GRANTED**. The Court reduces Defendant's sentence to time served.

**IT IS FURTHERE ORDERED** that Defendant's term of supervised release will begin immediately upon her release from the Bureau of Prisons.

All previously imposed terms, standard conditions, and special conditions of supervised release remain in effect.

**IT IS SO ORDERED**.

Dated this 8th day of August 2022, at Wichita, Kansas.

_____
Honorable Eric F. Melgren
Chief U.S. District Court Judge